**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1115

JOHN B. KIMBLE,

Plaintiff – Appellant,

v.

MONTGOMERY COUNTY (MD) POLICE DEPT.; MONTGOMERY COUNTY
MARYLAND GOVERNMENT; MONTGOMERY COUNTY SHERIFF'S DEPT.;
ANDREW W. PECORARO, Detective; DUANE GRANT, Detective,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William M. Nickerson, Senior District
Judge. (1:90-cv-00320-WMN)

Submitted: April 24, 2014          Decided: April 29, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John B. Kimble, Appellant Pro Se. Patricia Prestigiacomo Via,
COUNTY ATTORNEY'S OFFICE, Rockville, Maryland; Steven Giles
Hildenbrand, Assistant Attorney General, Baltimore, Maryland;
Stuart Milton Nathan, OFFICE OF THE ATTORNEY GENERAL OF
MARYLAND, Pikesville, Maryland; James Louis Parsons, Jr.,
LYNOTT, LYNOTT & PARSONS, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John B. Kimble appeals the district court's order denying his "Motion for a New Trial and Other Extraordinary Relief in the Interests of Justice"[*] and its subsequent order denying reconsideration of that order. We have reviewed the record and find that this appeal is frivolous. Accordingly, we deny leave to appeal in forma pauperis and dismiss the appeal for the reasons stated by the district court. Kimble v. Montgomery Cnty. Police Dep't, No. 1:90-cv-00320-WMN (D. Md. Dec. 14, 2013; Jan. 28, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] Noting that Kimble's notice of appeal lists only the order denying reconsideration, Appellees argue that this court lacks jurisdiction to consider the order denying Kimble's motion for a new trial. However, because Kimble's informal brief adequately demonstrates his intent to appeal this order, and because Appellees were not prejudiced by the omission given the arguments in their response brief, we conclude that we have jurisdiction to review both orders. See Canady v. Crestar Mortg. Corp., 109 F.3d 969, 974 (4th Cir. 1997) (recognizing that failure to properly designate portion of judgment appealed in notice of appeal "will not result in a loss of appeal as long as the intent to appeal a specific judgment can fairly be inferred and the appellee is not prejudiced by the mistake" (internal quotation marks omitted)).